[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 22, 1993 Date of Application February 16, 1993 Date Application Filed February 16, 1993 Date of Decision October 25, 1994
Application for review of sentence imposed by the Superior Court for the Judicial District of Hartford. Docket No. CR92-418757;
Christopher M. Cosgrove, Esq., Defense Counsel, for Petitioner.
John Massemeno, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
Convicted by a jury after trial of assault in the 1st degree in violation of G.S. § 53a-59(a)(1), the petitioner was given a 10 year sentence.
In August of 1991, the victim was sitting at a bar on Blue Hills Avenue in Hartford when the petitioner grabbed a gold chain from the victim's neck. After being chased outside by the victim, petitioner pulled out a knife and slashed the victim. Thirty-seven stitches were required to close the wounds to the neck, back, chest and hand of the victim who also suffered permanent scarring.
Petitioner's criminal record started in 1981; he has been convicted of two prior felonies, two violations of probation and six misdemeanors. The petitioner was 28 years old at the time of his conviction in the present case and is a Jamaican national who has deportation proceedings pending.
It is petitioner's request that his sentence be reduced as the conflict with the victim arose over drug money owed to the victim by the petitioner. According to Mr. Tate, the victim shot him first and he claims he is still carrying the bullet in him. Counsel notes that petitioner was acquitted on the robbery charge. Since the victim was not an "innocent" party, the punishment of 10 CT Page 11912 years for a drug dispute is unwarranted. Moreover, we are told he does not represent a threat to society.
The state opposes any reduction in sentence on the grounds that the law makes no distinction between victims, innocent or otherwise. Petitioner's sentence was twice the minimum mandatory sentence and only one-half the maximum. The board is asked to consider the petitioner's criminal record in evaluating any threat he may pose to society. We are urged to affirm the sentence as it is not disproportionate.
Mr. Tate addressed the board and explained that drug addiction has been at the core of his problems with the law. He acknowledged the serious consequences his actions have had on the victim's family and his own. His remarks were similar to those made to the sentencing judge. Finally, he asserted he has learned to control his life and emotions since the conviction.
It is noteworthy that the court considered the petitioner's remorse and potential. At sentencing, the court said, "It may well be that, when you are not under the influence of drugs, you're a great guy. Obviously, you have the intellectual ability to be a successful member of society rather than a destructive one . . . [O]ne can only hope that once you're off drugs, that the better side of Denny Tate will show itself . . . [a]t twenty-eight years old — it's time to grow up. " We concur with that insight as expressed by the trial court.
Taking into account the factors which must be considered in sentencing as set forth in P.B. § 942, the division does not consider Mr. Tate's sentence excessive or disproportionate.
Sentence affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 11913